IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**ROBERT L. NELSON,**

**Defendant.**                                                                        **No. 99-CR-30097-DRH**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Nelson's motion to recalculate his criminal history (Doc. 51). Specifically, Nelson moves the Court to recalculate his criminal history based on the Sentencing Commission's November 1, 2007 amendment to U.S.S.G. § 4A1.2(c)(1). Nelson's motion, though not stated, refers to Amendment 709, which amended U.S.S.G. § 4A1.2(c)(1) to eliminate a number of single history point for certain convictions where the punishment involved supervision of no more than one year. Amendment 709 changed the consideration from those offenses for which punishment was assessed for at least one year to no more than one year. Based on the following, the Court dismisses the motion for lack of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. ***See Carlisle v. United States*, 517 U.S. 416 (1996)**. **18 U.S.C. § 3582** defines the circumstances under which district courts may modify sentences and otherwise

*prohibits* district courts from doing so, unless "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." **18 U.S.C. § 3582(C)(1)(B)**. Section **3582(c)(2)** provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

**18 U.S.C. § 3582(c)(2) (emphasis added);** *see United States v. Tidwell***, 178 F.3d 946, 949 (7th Cir. 1999)**.

The Court finds that Nelson is not entitled to relief under **§ 3582(c)(2)**. None of the bases set forth in section 3582 for modification of a sentence is applicable here. Section **1.B1.10** of the United States Sentencing Guidelines is the relevant "policy statement" here. That section specifically and exhaustively lists the amendments whose retroactive application under section 3582(c)(2) is authorized. *See* **U.S.S.G. §1B1.10(c)**. It further provides that, "[i[f none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized." **U.S.S.G. § 1B1.10(a)**.

As stated earlier, Nelson is referring to Amendment 709 which, *inter alia,* amended **U.S.S.G. § 4A1.2(c)(1)** and went into effect on November 1, 2007 (after Nelson's April 7, 2000 sentencing). Amendment 709 does not apply

retroactively pursuant to section **§ 3582** because it is not included in **section 1B1.10(c)**'s list of retroactively applicable amendments. Therefore, this Court is without jurisdiction to entertain Nelson's motion and neither **18 U.S.C. § 3582** nor the amended **U.S.S.G. § 4A1.2(c)(1)** provides any basis for the requested modification of Nelson's sentence. ***See, e.g., Ebbole v. United States*, 8 F.3d 530, 539 (7th Cir. 1993)(declining to apply U.S.S.G. § 3E1.1 retroactively on grounds that amendment to section did not appear in list of amendments in section 1B1.10(d))** .

Accordingly, the Court dismisses for lack of jurisdiction Nelson's motion to recalculate his criminal history (Doc. 51).

**IT IS SO ORDERED.**

Signed this 2nd day of October, 2009.

/s/   *David R Herndon*

**Chief Judge
United States District Court**